IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONALD HAZZARD, #M-10737, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 12-1084-GPM |
| ) | |
| MENARD CORRECTIONAL CENTER, ) | |
| WARDEN OF MENARD, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter comes before the Court for the purpose of docket control. Plaintiff, Donald Hazzard, is an inmate who is currently incarcerated in the Menard Correctional Center ("Menard"). Plaintiff has filed two documents in this case, both intended to commence a legal proceeding; each document, however, pertains to entirely separate legal matters. Plaintiff's amended complaint seeks recovery pursuant to 42 U.S.C. § 1983 for alleged constitutional violations perpetrated upon him while incarcerated at Menard (*See* Doc. 8). Plaintiff has also filed a motion to vacate, set aside, or correct sentence (Doc. 9), which this Court will discuss after addressing Plaintiff's § 1983 amended complaint.

The Court conducted a threshold review of Plaintiff's amended complaint (Doc. 8) as required under 28 U.S.C. § 1915A. After a careful review of the amended complaint (Doc. 8), the Court found Plaintiff failed to allege any facts or state any claim related to the named Defendants (*See* Doc. 7). Accordingly, Plaintiff's complaint was dismissed *without* prejudice (Doc. 7). The

Court noted, however, that Plaintiff was given leave to file an amended complaint, in accordance with the Court's Threshold Order *on or before* December 21, 2012 (Doc. 7). The Court cautioned Plaintiff that should he fail to file an amended complaint on or before December 21, 2012, or if Plaintiff files an amended complaint inconsistent with the Court's Threshold Order, the dismissal will become a dismissal *with prejudice* and Plaintiff will incur a strike (Doc. 7).

Plaintiff did not submit an amended complaint as allowed by this Court. Accordingly, the dismissal of Plaintiff's amended complaint (Doc. 8) now becomes **with prejudice**. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of **28 U.S.C. § 1915(g)**.

The dismissal of this case does not relieve Plaintiff of his obligation to pay the filing fee. The fee was incurred at the time this action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467-68 (7th Cir. 1998); *Newlin v. Helman*, 123 F.3d 429, 434 (7th Cir. 1997). Plaintiff filed a motion for leave to proceed *in forma pauperis* ("IFP") on November 14, 2012 (Doc. 3). Although the Court dismissed this case on December 7, 2012, the motion for leave to proceed IFP remained pending because the Clerk's Office had not yet received Plaintiff's prison trust fund statement for the six months immediately preceding the filing of this lawsuit. The document was received on December 27, 2012 (Doc. 10). Accordingly, the Court finds that Plaintiff is indigent and unable to pay the full filing fee at once; therefore, leave to proceed *in forma pauperis* (Doc. 3) is **GRANTED**. Pursuant to 28 U.S.C. § 1915(b), **IT IS HEREBY ORDERED** that Plaintiff shall pay the **$350.00 filing fee** applicable to this civil action as follows:

> 1. Plaintiff shall pay an initial partial filing fee of **$8.09**. *See* 28 U.S.C. § 1915(b)(1). The agency having custody of Plaintiff is **DIRECTED** to transmit this amount from

>    Plaintiff's prison trust fund account to the Clerk of Court upon receipt of this Memorandum and Order.
>
> 2. Plaintiff shall make monthly payments of 20% of the preceding month's income credited to Plaintiff's prison trust fund account until the filing fee is paid in full.
>
> 3. The agency having custody of Plaintiff shall forward payments from Plaintiff's account to the Clerk of this Court each time the amount in the account exceeds $10 until the filing fee is paid. Payments shall be mailed to: Clerk of the Court, United States District Court for the Southern District of Illinois, P.O. Box 249, East St. Louis, Illinois 62202.

Finally, the Court must address Plaintiff's motion to vacate, set aside, or correct sentence, which Plaintiff filed under 28 U.S.C § 2255 (Doc. 9). Plaintiff filed this document in response to the Court's Order dated December 7, 2012 (Doc. 7). It is apparent from this pleading that Plaintiff is seeking earlier release from state custody, and that he takes issue with prison officials' denial of his request for restoration of good conduct credits. This relief cannot be granted in a civil rights action. *See Graham v. Broglin,* 922 F.2d 379, 381 (7th Cir.1991) (if a prisoner is seeking a "quantum change in the level of custody-whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation . . . then habeas corpus is his remedy"). The proper petition to be filed under these circumstances, since Plaintiff is a state (not a federal) prisoner, is a petition for a writ of habeas corpus under 28 U.S.C § 2254. Plaintiff was inadvertently sent the incorrect form.

Because Plaintiff cannot proceed with his habeas corpus action in the instant case, the Clerk is **DIRECTED** to **SEVER** Plaintiff's § 2255 motion (construed as a petition for habeas relief pursuant to 28 U.S.C § 2254) into a separate action, to be assigned a new case number. No filing fee shall be assessed in the new case, because it is being opened for the administrative

convenience of the Court.

      In the new case, the Clerk is **DIRECTED** to file the following documents:

          (1)      This Memorandum and Order, and

          (2)      The § 2255 motion (Doc. 9).

      Plaintiff is **ADVISED** that if he wishes to pursue the habeas action, it must proceed under 28 U.S.C § 2254, and he must submit a properly completed petition under § 2254 for writ of habeas corpus by a person in state custody.   In addition, Plaintiff should attach any relevant exhibits to his petition.   The Clerk is **DIRECTED** to mail Plaintiff a blank § 2254 petition. Plaintiff shall have until **February 15, 2012**, to submit his completed § 2254 petition.

      Plaintiff is further **ADVISED** that in order to maintain a federal habeas action, he must have first exhausted all available remedies within the Illinois state court system to obtain the relief he seeks.  *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (to exhaust his remedies, a state prisoner must "'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review)"); *McAtee v. Cowan*, 250 F.3d 506, 508-09 (7th Cir. 2001). The Illinois courts have recognized mandamus as an appropriate remedy to compel prison officials to award sentence credit to a prisoner.   *See* 735 ILL. COMP STAT. 5/14-101, *et seq.*; *Turner-El v. West,* 811 N.E.2d 728, 733 (Ill. App. 2004) (citing *Taylor v. Franzen*, 417 N.E.2d 242, 247, *aff'd on reh'g*, 420 N.E.2d 1203 (Ill. App. 1981)).   If Plaintiff has not yet exhausted his state court remedies, he may so advise this Court and the new case shall be dismissed without prejudice.

Further, if Plaintiff fails to submit a completed § 2254 petition by the **February 15, 2013**, deadline, the newly severed habeas case shall be dismissed without prejudice without further notice to Plaintiff.

**IT IS SO ORDERED.**

DATED: January 24, 2013

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge